# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-419-MOC-DCK

| | |
|---|---|
| CYNTHIA A. MESSER, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Assented To Motion For Reversal And Remand Pursuant To Sentence Four Of 42 U.S.C. § 405(g)" (Document No. 14) filed April 18, 2011. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

The Commissioner of the Social Security Administration ("Defendant"), moves this Court, pursuant to sentence four of 42 U.S.C. §405(g), to enter a judgment reversing his decision with a remand of the cause for further administrative proceedings. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing Defendant's decisions with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and noting consent of Plaintiff's counsel, the undersigned will grant the motion.

**IT IS THEREFORE ORDERED** that the "Assented To Motion For Reversal And Remand Pursuant To Sentence Four Of 42 U.S.C. § 405(g)" (Document No. 14) is **GRANTED**. Defendant's decision in this matter is **REVERSED,** and this matter is hereby **REMANDED** to the Social Security Administration for further proceedings. Upon remand, the Administrative Law Judge ("ALJ") is instructed to give further consideration to the Plaintiff's residual functional

capacity and to provide rationale with specific reference to the evidence in support of the assessed limitations. The ALJ is also instructed to obtain vocational testimony in response to a hypothetical question that accurately reflects all limitations ultimately contained in the residual functional capacity and to comply with the procedures outlined in Social Security Ruling 00-4p.

**IT IS FURTHER ORDERED** that the Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). The plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Summary Judgment" (Document No. 10) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: April 20, 2011

David C. Keesler
United States Magistrate Judge